PER CURIAM.
The state appeals the trial court’s order suppressing drugs found in V.S.’s purse. The issue the parties address on appeal is whether the father could consent to a search of V.S.’s purse. In State v. S.B., 758 So.2d 1253 (Fla. 4th DCA 2000), we held that a parent had authority to consent to a search of a child’s room by police officers, over the child’s objection, when confronted with information indicating that the child was selling drugs and stolen weapons from the house. The initial factual question in this case, however, is whether the father consented to a search at all, and we must interpret the facts in a light most favorable to the appellee. The trial court did not make a specific finding that the father actually consented to a search. A deputy testified that V.S.’s father gave permission to search her room, yet that same deputy said that the purse was not found in the room but was opened by the *663 father who gave the drugs to the deputy upon their arrival at the house. The trial court found this deputy’s testimony not to be credible. A second deputy did not testify that anyone gave consent to a search but testified that the purse was found in the child’s room in a drawer. The father did not testify. On these widely divergent facts, we cannot conclude that the trial court erred in suppressing the evidence.

Affirmed.

GROSS, C.J., WARNER and LEVINE, JJ., concur.